# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELITE RESTORATION, INC., Plaintiff, | CIVIL ACTION |
| v. | |
| FIRST MERCURY INSURANCE COMPANY, Defendant. | NO. 19-2215 |

## MEMORANDUM

**Joyner, J.**                                                           February 24, 2020

Presently before the Court is Defendant's Motion for Judgment on the Pleadings. For the reasons that follow, the Motion will be granted.

### Factual Background

This case involves a disagreement over the proper interpretation of an insurance contract. Plaintiff Elite Restoration, Inc. purchased insurance from Defendant First Mercury Insurance Company. (Pl. Compl., Doc. No. 1 ¶16; Def. Motion for Judgment on the Pleadings, Doc. No. 15 at 2.) According to the Complaint, Plaintiff was restoring a condominium property called the "Enclave" when a hurricane damaged the property. (Doc. No. 1 ¶¶12-13.) Plaintiff contends that, as a result of the hurricane damage, the Enclave still requires repairs and that Plaintiff may face future liability for damage to the Enclave. (Id. ¶¶14-15.) Plaintiff submitted

a claim for damage to the Enclave (the "Enclave claim"), and Defendant denied that claim. (Id. ¶¶21, 24.)

According to the Complaint, the insurance policy provides that the Defendant must compensate Plaintiff for certain costs arising from property damage and that Defendant must defend and indemnify Plaintiff from associated litigation. (Id. ¶19.) The insurance policy further provides that certain properties are excluded from coverage. (Id. ¶20; Doc. No. 15 at 31.) However, the policy also provides that certain types of properties are exempt from the Exclusion Clause and are, thus, covered. (Pl. Sur-Reply Opp., Doc. No. 18 at 2; Doc. No. 15 at 8.) The parties disagree on whether the Enclave is excluded or exempt from the Exclusion Clause and, accordingly, whether the insurance policy covers the Enclave. (Doc. No. 18 at 2; Doc. No. 15 at 8.) Though both parties contend that the insurance policy unambiguously reads in their respective favors, (Pl. Opp. to Def. Motion for Judgment on Pleadings and for Judgment on Pleadings in Favor of Pl., Doc. No. 16 at 8; Def. Reply Supporting Motion for Judgment on Pleadings, Doc. No. 17 at 4), Plaintiff also argues that, should we find the policy ambiguous, the policy should be construed in favor of the Plaintiff, (Doc. No. 16 at 8).

In Count I, Plaintiff requests a declaratory judgment providing that: (1) Defendant must defend and indemnify

Plaintiff from litigation related to the Enclave claim; (2) Defendant has breached its duty to Plaintiff; and (3) Plaintiff may settle or compromise both the Enclave claim and related claims. (Doc. No. 1 ¶35.)  Plaintiff also alleges breach of contract as Count II and, as Count III, bad faith under Pennsylvania's Bad Faith Insurance Practices Act 42 Pa.C.S.A. § 8371 et seq. (Id. ¶¶36-46.)  In addition to declaratory judgment under Count I, Plaintiff requests compensatory and punitive damages, interest, and attorney fees and costs. (Id. ¶¶35, 40, 46.)  Plaintiff requests that we deny Defendant's Motion and that we enter judgment on the pleadings in favor of Plaintiff on the coverage issue. (Doc. No. 18 at 3.)  Defendant seeks judgment on the pleadings in its favor on all counts and a declaration that it does not have a duty to indemnify or defend Plaintiff regarding the Enclave claim. (Def. Br. Supporting Motion for Judgment on the Pleadings, Doc. No. 15-2 at 19.)

## Analysis

A Court sitting in diversity must apply federal procedural law and state substantive law. Erie R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  Accordingly, we apply the Federal Rules of Civil Procedure and, specifically, adjudicate Defendant's Motion for Judgment on the Pleadings under Rule 12(c). See Fed. R. Civ. P. 12(c).  The parties appear to agree that Pennsylvania

law governs this dispute. (See Doc. No. 15 at 5; Doc. No. 16 at 5.) Thus, we apply Pennsylvania contract law to the Counts.

## Jurisdiction

Subject matter jurisdiction in this case is proper under 28 U.S.C. § 1332(a)(1), as Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). (See Doc. No. 1 ¶¶2-3, 5, 40; Def. Ans. to Pl. Compl. and Counterclaim, Doc. No. 5 ¶5.) We may exercise personal jurisdiction over Defendant because Defendant has litigated the merits of its claim without contesting personal jurisdiction. See Richard v. U.S. Airways, Inc., 2011 WL 248446, at *1 (E.D. Pa. Jan. 26, 2011).

## Legal Standard – Rule 12(c) Motion for Judgment on the Pleadings

A Court adjudicating a Rule 12(c) motion for judgment on the pleadings must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005). See also Fed Cetera, LLC v. Nat'l Credit Servs., Inc., 938 F.3d 466, 469 n.7 (3d Cir. 2019); Solid Waste Servs., Inc. v. New York Marine & Gen. Ins. Co., 2013 WL 6506314, at *2 (E.D. Pa. Dec. 12, 2013). Additionally, the Court will "accept the nonmoving party's factual allegations as true . . . ." Fed Cetera, 938 F.3d at

469 n.7.  The movant must clearly establish that "there are no material issues of fact, and he is entitled to judgment as a matter of law."  Sikirica, 416 F.3d at 220.  See also New York Marine, 2013 WL 6506314, at *2.

## Count II – Breach of Contract

Under Pennsylvania law, the meaning of an insurance contract is a question of law for the Court.  Sikirica, 416 F.3d at 220; Clarke v. MMG Ins. Co., 100 A.3d 271, 275 (Pa. 2014); Donegal Mut. Ins. Co. v. Baumhammers, 595 Pa. 147, 155-56 (2007); Gen. Acc. Ins. Co. of Am. v. Allen, 547 Pa. 693, 701 (1997).  A Court interpreting an insurance policy must "ascertain the intent of the parties as manifested by the terms used in the written insurance policy."  Donegal, 595 Pa. 147, 155 (2007).  See also Gen. Refractories Co. v. First State Ins. Co., 94 F. Supp. 3d 649, 657 (E.D. Pa. 2015); New York Marine, 2013 WL 6506314, at *2; Clarke, 100 A.3d at 275; Metzger v. Clifford Realty Corp., 327 Pa. Super. 377, 385 (1984).  When the policy's language is unambiguous, a Court must give effect to that language.  Refractories, 94 F. Supp. 3d at 657; Clarke, 100 A.3d at 275; Donegal, 595 Pa. at 155.  See also Metzger, 327 Pa. Super. at 385.  Under Pennsylvania law, a contract is ambiguous if it is subject to multiple reasonable interpretations.  New York Marine, 2013 WL 6506314, at *3; Metzger, 327 Pa. Super. at 386.  Correspondingly, if a policy "can be read only one way . . .

5

. .", New York Marine, 2013 WL 6506314, at *3, then the contract is unambiguous. Id. See also Metzger, 327 Pa. Super. at 386. Importantly, the contract must be viewed as a whole, and Courts should construe contracts in a way that avoids creating surplusage. Refractories, 94 F. Supp. 3d at 661; Clarke, 100 A.3d at 276.

Both parties contend that the Enclave is a condominium. (Doc. No. 1 ¶11; Doc. No. 15 at 8; Doc. No. 18 at 3.) It is undisputed that the policy contains a "residential property" exclusion, which provides that the policy does not cover property damage to residential property, such as "condominiums," in certain situations. (Doc. No. 1 ¶20; Doc. No. 15 at 31.) Both parties posit that the policy carves out at least one exception to the Exclusion Clause. (Doc. No. 18 at 2; Doc. No. 15 at 8.) The heart of the parties' disagreement is whether, under the policy's language, "condominiums" are exempt from the Exclusion Clause and, thus, covered. (Doc. No. 18 at 2-3; Doc. No. 15 at 8.)

The Exclusion Clause provides that "[t]his insurance does not apply to any claim, 'suit,' demand or loss that alleges . . . 'property damage' . . . that . . . relates to . . . 'residential property' . . . ." (Doc. No. 1, Ex. A at 57; Doc. No. 5 ¶6; Doc. No. 15 at 7-8.) The Exclusion Clause then provides that "'[r]esidential property' means any of the

6

following . . . condominiums . . . ." Doc. No. 1, Ex. A at 57; Doc. No. 5 ¶6; Doc. No. 15 at 7-8.)  The Exception Clause provides that the "exclusion does not apply to the following designated exception(s): Single-family dwellings that are not 'tract homes', condominiums (as defined by applicable controlling statute) or 'townhouse projects'."  (Policy, Doc. No. 1, Ex. A at 57; Doc. No. 5 ¶6; Doc. No. 15 at 8.)

Defendant argues that the Exception Clause "applies only to certain types of single-family dwellings – specifically, single-family dwellings that are not 'tract homes,' single-family dwellings that are not condominiums, and single-family dwellings that are not 'townhouse projects.'"  (Doc. No. 15-2 at 13.)  In contrast, Plaintiff interprets the Exception Clause to create three exceptions: condominiums, townhouse projects, and "'[s]ingle-family dwellings that are not "tract homes" . . . .'" (Doc. No. 16 at 5.)

Here, because "condominiums" appears in the definition of excluded properties, the Exclusion Clause explicitly provides that "condominiums" are excluded.  (Doc. No. 1, Ex. A at 57; Doc. No. 5 ¶6; Doc. No. 15 at 7-8.)  When reading the Clauses together, we find that construing the Exception Clause as creating three exceptions – condominiums, townhouse projects, and certain single-family dwellings – would make the language in the Exclusion Clause excluding "condominiums" meaningless.

Excluding and, then, excepting "condominiums," without qualification, renders "condominiums" in the Exclusion Clause as surplusage. However, construing the Exception Clause as creating one exception – "single-family dwellings that are not 'tract homes,' single-family dwellings that are not condominiums, and single-family dwellings that are not 'townhouse projects,'" (Doc. No. 15-2 at 13), creates no surplusage. Viewing the contract as a whole, we find that, as a matter of law, the language of the policy unambiguously excludes the Enclave condominium property from coverage. See Metzger, 327 Pa. Super. at 389. Thus, we grant Defendant's Motion on Count II.

## Count I – Declaratory Judgment

Under Pennsylvania law, determination of whether a policy provides or excludes coverage for a certain claim "necessarily determine[s]," Allen, 547 Pa. at 702, whether an insurer has a duty to defend or indemnify an insured against a related third-party lawsuit. See Sikirica, 416 F.3d at 225); Donegal, 595 Pa. at 155; Allen, 547 Pa. at 702, 705. Thus, if the insurance policy does not cover a claim, then the insurer does not have a duty to defend or indemnify the insured for that claim. See Sikirica, 416 F.3d at 225; Donegal, 595 Pa. at 155; Allen, 547 Pa. at 702. Here, our holding that the policy does not cover the Enclave claim determines, as a matter of law, that Defendant

8

does not have a duty to defend or indemnify Plaintiff regarding third-party lawsuits related to the Enclave claim. See Donegal, 595 Pa. at 155; Allen, 547 Pa. at 702. We grant Defendant's Motion as to Count I.

### Count III – Bad Faith Under § 8371 et seq.

Plaintiff asserts that Defendant, in denying Plaintiff's claim, acted in bad faith in violation of § 8371 et seq. (Doc. No. 1 ¶41-46.) Courts define bad faith under § 8371 "as 'any frivolous or unfounded refusal to pay proceeds of a policy.'" Krantz v. Peerless Indem. Ins. Co., 2019 WL 1123150, at *3 (E.D. Pa. Mar. 12, 2019) (quoting Terletsky v. Prudential Property and Cas. Ins. Co., 649 A.2d 680, 688 (Pa. Super. Ct. 1994)). See also Kiessling v. State Farm Mut. Auto. Ins. Co., 2019 WL 634639, at *3 (E.D. Pa. Feb. 14, 2019); Eley v. State Farm Ins. Co., 2011 WL 294031, at *3 (E.D. Pa. Jan. 31, 2011). Courts use a two-part test to determine whether an insurer acted in bad faith under § 8371. Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d Cir. 1997). First, the insurance company must lack "a reasonable basis for denying benefits under the policy." Krantz, 2019 WL 1123150, at *3. See also Kiss v. State Farm Ins. Co., 2016 WL 2866540, at *2 (E.D. Pa. May 17, 2016); Eley, 2011 WL 294031, at *3. Second, the insurer must have either knowingly or "recklessly disregarded its lack of reasonable basis in denying the claim." Krantz, 2019 WL

9

1123150, at *3.  See also Kiss, 2016 WL 2866540, at *2; Eley, 2011 WL 294031, at *3.

Given that the policy does not cover the Enclave claim, Defendant did not, as a matter of law, lack "a reasonable basis for denying benefits under the policy."  Krantz, 2019 WL 1123150, at *3.  Accordingly, we grant Defendant's Motion as to Count III.

## Conclusion

We grant Defendant's Motion for Judgment on the Pleadings as to all Counts.  An appropriate Order follows.